**In re Kimberly SMITH, Debtor.**

**Bankruptcy No. 98–55471–JDW.**

United States Bankruptcy Court,
M.D. Georgia,
Macon Division.

June 2, 1999.

Diane M. Zimmerman, Warner Robins, GA, for debtor.

Camille Hope, Macon, GA, for trustee.

## MEMORANDUM OPINION

JAMES D. WALKER, Bankruptcy Judge.

On April 19, 1999, the Chapter 13 Trustee filed a pleading titled Motion For Sanctions. A hearing on the motion was held on May 18, 1999. The motion seeks to impose sanctions against Diane M. Zimmerman, counsel for Debtor, for violation of Fed.R.Bankr.P. 9011 in filing the above-captioned Chapter 13 case for Debtor in bad faith. This opinion supplements the findings of fact and conclusions of law announced in open court at the conclusion of the hearing.

### FINDINGS OF FACT

The Court has concluded that this case was filed in bad faith for the following reasons:

1. Debtor was not employed at time of the filing of the case.

2. Debtor had not been employed in any capacity for a period of three months prior to the filing of the case.

3. Debtor's prior employment consisted of a part-time job at slightly better than minimum wage.

4. The "regular income" required to be eligible to be a debtor in a Chapter 13 case was not sufficient to fund a Chapter 13 plan in that it was less than the Debtor's monthly expenses shown on the budget filed with the case.

5. The expectations that Debtor would be fully employed within a reasonable time following the filing of the case were unrealistic because Debtor had not been so employed in the two year period prior to the filing of the case.

6. The representations that Debtor would receive financial assistance from her family were unreasonable and unsubstantiated.

■ For all these reasons, this case should have never been filed, and the filing of this case was a violation of Fed. R.Bankr.P. 9011 in that the case was filed in bad faith either with the knowledge of Debtor's counsel or in the absence of reasonable diligence and inquiry on the part of Debtor's counsel. As a result of the conduct of Debtor's counsel in violating the rule, sanctions in the amount of $150.00 are imposed in the form of a requirement that such sum be paid by Debtor's counsel to the Chapter 13 Trustee as expenses incurred in bringing this motion. Such payments shall be completed within fifteen (15) days following the entry of this order.

### CONCLUSIONS OF LAW

This case is about taking a chance. At the hearing on the motion in this case, counsel for Debtor, together with two other lawyers who attended in support of Debtor, urged to the Court that an individual had a right to take a chance in the filing of a Chapter 13 case depending on the happening of some favorable event in the future which would make the case feasible. This order is entered for the purpose of resolving any question or ambiguity about that proposition.

■ The Bankruptcy Code does not invite individuals to become debtors under Chapter 13 if the prospects for the success of the case are speculative and based on uncertain future developments, the likelihood of which is not reasonably assured. In plain language, individuals without "regular income" are not eligible to be debtors under Chapter 13 of the Code. The "regular income" requirement of 11 U.S.C. § 109(e) anticipates that the income is sufficient to fund the debtor's living expenses and the plan payments. The fact that Debtor in this case had a nominal "regular income" in the form of public assistance did not render this individual eligible to be a debtor under Chapter 13 of the Code where that income was insufficient to support Debtor's living expenses without regard to the amount of the plan payment.

■ In documenting the specific provisions of this order as to the factors which are not sufficient in this case and to note factors which would be required in other cases, the Court is intending to offer its guidance to counsel for debtors who might consider filing Chapter 13 cases for individuals whose qualification to be a debtor under Chapter 13 is questionable. Specifically, the Court intends to address the notion that every individual, regardless of eligibility at the time of filing the case, is entitled to have a chance to succeed in a Chapter 13 case. No such notion will be recognized as an adequate defense to a motion for sanctions, such as the one in this case, which might be brought by the trustee or any other party at interest. Such a notion ignores the plain requirements of 11 U.S.C. § 109(e) and proposes instead to gamble the resources of the Chapter 13 Trustee's office, the administrative staff of the Bankruptcy Court and the creditor community without just cause. The requirements of § 109(e) as to "regular income" are specifically intended to avoid that result. In order for a debtor to be eligible to be a debtor in Chapter 13, the requirements of 11 U.S.C. § 109(e) must be satisfied *at the time of the filing of the case,* not at some future time.

■ Every case and every individual must be considered on the individual merits and circumstances. It is conceivable that the concept of "regular income" could be interpreted to include an individual who is not employed at the time of the filing of the case if that individual's employment history reflects a record of satisfactory and continuous prior employment so as to provide reasonable assurances that replacement employment will be obtained in the immediate future. Even that case should not be filed unless the circumstances of the debtor would be irreparably altered by some intervening circumstance such as a foreclosure or repossession. In such a case, in response to a motion for stay relief, it is likely that such a motion would be granted if the debtor has not acquired such employment as of the time of the hearing of the motion. It is most unlikely that such a case should be filed by a debtor if the debtor has a previous recent history of an unsuccessful effort in Chapter 13.

■ Sanctions have been imposed in this case for the violation of Federal Rule of Bankruptcy Procedure 9011. Ms. Zimmerman knew or should have known that the law did not recognize the Debtor as eligible to file a Chapter 13 case. In the future, similar violations may be punished with sanctions which might exceed the nominal level announced in this case. It appears to the Court that there has developed in this community on the part of some lawyers an incentive to file Chapter 13 cases for individuals in the hope that the case can succeed and the lawyer can make a fee. Even if such a case succeeds, it is still considered by the Court to have been filed in bad faith. Where such cases might be brought to the Court's attention, fees for such lawyers may be reduced or disallowed, and sanctions imposed, even if the case later appears to be one which will succeed. A case filed in bad faith is not rendered otherwise by unforeseen subsequent events.

■ The view of this Court is that Chapter 13 is available for debtors who can formulate repayment plans based on the application of the various provisions of the Code and fund such repayment plans from their "regular income" by reducing and/or controlling monthly living expenses. These are the persons who are encouraged by Congress to file Chapter 13 cases instead of Chapter 7 cases to resolve circumstances of financial distress. Congress did not intend for Chapter 13 to serve as a haven for distressed debtors where they might enjoy the uninterrupted use of their property and protection from creditors without any present ability to fund a repayment plan in accordance with the terms of the law.

■ The responsibility for protecting the integrity of the Chapter 13 program rests in the first instance with the debtor bar. Lawyers for individuals who file Chapter 13 cases must make responsible judgements in compliance with Fed. R.Bankr.P. 9011 to insure that the benefit of Chapter 13 is only enjoyed by persons who are eligible. To extend that benefit to other persons in the hope that the eligibility requirement might one day be satisfied is an abdication of that responsibility by a lawyer for such a debtor. In cases where the debtor's lawyer does not provide that measure of integrity to the system which the law anticipates, the Court can be expected to do its part to redress that failing by imposing sanctions against such lawyers, to punish such conduct and to deter the occurrence of such conduct in the future.

An order in accordance with this opinion will be entered on this date.

*ORDER*

In accordance with the Memorandum Opinion entered on this date, it is hereby

ORDERED that the attorney for the Debtor, Diane M. Zimmerman, has violated Fed.R.Bankr.P. 9011 and is to be sanctioned for such violation; and it is hereby further

ORDERED that Ms. Zimmerman shall pay to the Chapter 13 Trustee the sum of $150.00 as attorney's fees incurred by the Trustee in bringing the matter to the Court's attention; and it is hereby further

ORDERED that such sum shall be paid to the Trustee within fifteen (15) days of the date of the entry of this order.